Jitdge Ckensii.s.'iv
clelivured the opinion of the Court.
Tins suit was instituted by Hailowell & Co., against Henry Fields, jr., and others, to subject an interest which it is alleged that Henry Fields, jr., owns in a tract of land in the county of Boyle, to satisfy a claim held by them against said Fields and Owen T. Bledsoe, exceeding the sum of $‘2000. It is alleged that Fields and Bledsoe are non residents and insolvent.
The interest, if any, which Henry Fields, jr., has in the land, is derived from the will of his father, Henry Fields sr.
The second clause of the will devises the land in controversy, and some slaves and personal property, to the wife of the testator during her natural life. He *518 then proceeds to say in the third clause: “My will and desire is, that my executors hereinafter named, shall, as soon as convenient after my decease, proceed to make sale of the balance of my estate, real, personal, and mixed to the highest bidder — the land to be sold on credits of one and two years, and the balance of my estate on a credit of one year, and the proceeds to be equally divided among my children,” requiring certain advancements made to some of bis children, to be accounted for in the distribution.
The sixth clause is as follows: “At the death of my wife, I wish the estate herein devised to her to be sold and disposed of among my children, in the same manner that is herein directed, in relation to my other property.”
It is agreed by the parties, that Henry Fields jr.? died in Missouri, on the 28th day of February, 1840? leaving a widow, but no children; that he made a will devising all his estate to his widow; that Henry Fields sr., his father, died before him ; that Susan Fields, the widow of Henry Fields sr., the tenant for life of the land in controversy, is still living; that the persons named are the children and grand children of Henry Fields sr.; that the tenant for life is still in the enjoyment of the land; and that Henry Fields, jr., never was possessed in fact in his lifetime of any portion of the land, and that the attachment prayed for by complainants in their bill was issued and levied upon the land before the death of Henry Fields jr.,
The Circuit Court, being of opinion that the interest of Henry Fields, jr., under his fathers’ will was vested, and not contingent, subjected it to sale to satisfy the demands of the complainants. And, whether this opinion of the Court below be correct, or not, is the only question which we are called upon to decide.
It is not denied by the counsel of the defendants', that if the testator had devised the land to his wife for life, remainder to his children in the specific thing devised, it would have created a vested interest in the *519 •children of the testator living at the time of his death, transmissable to their heirs or devisees, and subject to their debts. But, it is insisted that, as the land, according to the will, is to be converted into money at thedeath of the tenant for life, then to be equally divided among his children, time is annexed to the substance of the legacy, and that, consequently, it does not vest till the termination of the life estate, when the conversion is to take place.
A devise to one ior life, and at the death of tenant for life, the land devised to be sold and the proceeds divided amongst the testator’s children, gives a vested in terestin the land to the children to be enjoyed in futuie: Arnold’s ex’on. vs Arnold’s adm’r., (11 B. Monroe, 89.) Williamson’s ex’ors. 767. (5 Dana, 43d.)
Whether the legacy be vested or contingent, does not, in our opinion, at all, depend upon the fact that the land is directed to be converted into money. The legal effect of this direction is, that the gift is to be considered as a bequest of money, and not as a devise of land, upon the principle that what ought to be done, is considered as done. The time however, at which the sale of the land is to be made, and the proceeds to be divided, being postponed till the happening of a future event, to-wit: the termination of the life estate, may have some influence in determining whether the legacy is vested or contingent. If the testator has manifested ■an 'intention not to bestow a present legacy, to be enjoyed in future, but, to give no legacy, in fact, till the death of his wife, then time is of the essence of the gift, and the legacy does not vest till after the termination of the life estate.
In Jarman on wills, page 756, it is said that, “a pecuniary legacy, whether charged on land or not, given to a person in esse simply, i. e., without any postponement of payment, is, of course, vested immediately on the testator’s decease. In regard to sums payable out of land in futuro, the old rule was, that, whether changed on the real estate primarily, or-, in aid of the personalty, they could not be raised out of the land, if the devisee died before the time of payment; but this doctrine has undergone some modification; and the established distinction now is, that, if the payment be postponed,' with reference to the circumstances of the devisee of the moneij, as in the case of a legacy to A *520 lo be paid to him at his age of twenty-one years, the charge fails, as formerly, unless the devisee lives to the time of payment, and that, tco, though interest in the mean time be given for maintainance. But, on the other hand, if the postponement of payment appear to have reference lo the situation or convenience of the estate, as, if land be devised to A for life, remainder to B in fee, charged with a legacy to C, payable at the death of A, the legacy will vest insianler; and, consequently, if C die before the day of payment, his representatives will be entitled; the raising of the money being evident!}' deferred until the decease of A, in order that he may, in the mean time, enjoy the land free from the burthen.”
That the legacy, in this case, to the children of the testator, was postponed in enjoyment, till after the death of his wife, for considerations not personal to the legatees, but for considerations pertaining to the condition of the estate from which the legacy was to be raised, owing to the life estate of the wife, is, wrn think, entirely clear; especially, when the disposition of that part of the estate is considered, which was not devised by the testator to his wife. The sale of that part of his estate is not postponed, but is directed to be made, as soon as convenient after the decease of the testator, and the proceeds to be equaliy divided among his children. Such, evidently, wrould have been the disposition of the land in controversy, had it not been for the life estate of the wife created therein. This is the only reason why this land was not to be sold at the death of the testator. The sale of the land and payment of the legacy, was deferred until the death of the wife, in order that she might enjoy it in the mean time, for no other reason.
It is our opinion, therefore, that Henry Fields jr., took a vested interest under the will of his father at the time of his father’s death, though that interest could not be enjoyed till the death of his mother; and the consequence is, that that interest is liable to the debts *521 of Henry Fields, jr., notwithstanding ho died before the termination of the life estate of his mother.
The law favors that construction which will render estates vested, and not contingent; and a construction in the present case which would make the interest of the testator’s children contingent, and not vested, would defeat in our opinion, his obvious intention; such a construction would deprive the descendants of all his children, who might die, before the tenant for life, of any interest under the will, and the legacy would go to those only of his children who might survive his wife. There is nothing in this case, which would authorize the conclusion, that the testator intended to deprive his grand-children of all benefit under his will; but, on the contrary, we think it manifest, that he had no such unnatural intention.
In the case of Arnold's ex'ors. vs Arnold's adm'r., (11 B. Monroe, 89,) the disposition of the testator’s slaves, is analogous to the disposition of the land in the case under consideration, except in one particular: — • the slaves in that case, at the death of the testator’s wife, were not to bo sold and the proceeds divided, but the slaves themselves, were tobe equally divided among all his children. And, in that case, it was decided that the testator’s children took a vested interest. Now, if, where the testator directs his slaves to be divided among his children in kind, at the termination of a life estate in his wife, the children take a vested interest, can there be any propriety in saying that, where, at the termination of the life estate, the proceeds of the sales of the slaves are to be divided among the testator’s children, they take a contingent, and not a vested interest? Certainly, the rule of construction in the one case, ought to be the rule of construction in the other.
And there is no difference in principle where land is directed to be sold, instead of slaves, and the proceeds to be divided.
In our opinion, Henry Fields, jr., took a present vested interest in the bequest of his lather, but not to be *522 enjoyed till the death of his mother. The bequest created a present fixed interest immediately upon the death of the testator, as debitum in presentí solvendum in futuro: Williams on Executors, 767.
Dunlap for plaintiffs; Boyle and Harlan for defendants.
The principles and arguments in the cases of Bowling's heirs vs Dobyn's adm'r., (5th Dana, 434,) and of Arnold's ex'ors. vs Arnold's adm'r., supra, are referred to, as elucidating the question involved in the present case.
Wherefore the decree of the Circuit Court, being in conformity with the principles of this opinion, is affirmed.